# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TURNER WECKS,

    Plaintiff,

v.

KYLE P. STACK,
LEAH Q. HAGER,
GABBY JAMES, and
KAIAH MOORADIAN,

    Defendants.

_____

## COMPLAINT FOR DAMAGES
_____

1. This is a civil action for injuries sustained by Plaintiff relating to sexual assault that occurred as a result of Defendants' tortious conduct.

## PARTIES, JURISDICTION and VENUE

2. Plaintiff Turner Wecks ("Plaintiff" or "Turner") is domiciled in California.

3. Defendant Kyle Stack ("Kyle Stack") is domiciled in Colorado.

4. Defendant Leah Q. Hager ("Leah Hager") is domiciled Colorado.

5. Defendants Kyle Stack and Leah Hager are married to each other.

6. Defendant Gabby James ("Gabby James") is domiciled in Maryland.

7. Defendant Kaiah Mooradian ("Kaiah Mooradian") is domiciled in Colorado.

8. Defendants Gabby James and Kaiah Mooradian are sisters.

9. At the time of the event, all four Defendants lived as a family at 2242 Silver Oaks Drive, Fort Collins, CO 80526 (the "Property" or "Household").

1

10. All Defendants are related to each other.

11. At the time of the event, Defendant Gabby James was a permanent resident of the Household before moving out to attend school, she was a student enrolled in school full time, and was under the age of 24.

12. At the time of the event, Kaiah Mooridian was a permanent resident of the Household, was under the age of 21, and in the care of both Defendants Kyle Stack and Leah Hager.

13. The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs, taking into account the nature and extent of the injuries and damages sustained by Plaintiff, and the reasonable economic and non-economic injuries, and physical impairment damages sustained by Plaintiff.

14. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

15. Plaintiff is not domiciled in the same state as any Defendant.

16. Plaintiff is currently eighteen years old and will turn nineteen on August 13, 2020.

17. This Court has personal jurisdiction over the Defendants because the negligent acts occurred in Colorado.

18. Venue is appropriate in this District because negligent acts alleged herein occurred in this District.

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. On or around July 21, 2016, Plaintiff arrived at the Property at around

noon or one o'clock in the afternoon.

21. Plaintiff's date of birth is August 13, 2001.

22. The Property is owned by Defendants Kyle Stack and Leah Hager.

23. Defendant Gabby James, who was 19 years old, was in charge of watching her younger sister, Defendant Kaiah Mooradian, who was a minor at the time.

24. Plaintiff was invited to the Property by Defendant Kaiah Mooradian.

25. Plaintiff was invited to the Property by Defendant Gabby James.

26. All Defendants knew that Plaintiff was invited to and was on the Property.

27. Plaintiff was permitted on the Property at all relevant times

28. At all relevant times all Defendants knew that Plaintiff was a minor child.

29. Defendant Kaiah Mooradian invited another friend to come to the Property.

30. Defendant Kaiah Mooradian invited Earl Ong onto the Property.

31. Defendant Gabby James invited Earl Ong onto the Property.

32. Earl Ong was permitted on the property at all relevant times.

33. At all relevant times, Earl Ong was 19 years old.

34. Earl Ong had previously killed a bicyclist in a motor vehicle collision.

35. It was known to Defendant Gabby James that Earl Ong had killed someone.

36. It was known to Defendant Kaiah Mooradian that Earl Ong had killed someone.

37. It was known to Defendant Kaiah Mooradian that Earl Ong had previously had sexual contact with girls well under the age of eighteen.

3

38. It was known to Defendant Gabby James that Earl Ong had previously had sexual contact with girls well under the age of eighteen.

39. It was known to all Defendants that Earl Ong was 19 years-old and had previously killed a person.

40. Defendant Kaiah Mooradian knowingly served alcoholic beverages to Plaintiff, a minor, at the Property.

41. Defendant Gabby James knowingly served alcoholic beverages to Plaintiff, a minor, at the Property.

42. Defendant Kyle Stack knew that the Plaintiff, a minor, had access to marijuana while on the Property.

43. Defendant Leah Hager knew that the Plaintiff, a minor, had access to marijuana while on the Property.

44. Defendant Kyle Stack knew that minor children on the Property had marijuana.

45. Defendant Leah Hager knew that minor children on the Property had marijuana.

46. Defendant Kyle Stack and Defendant Leah Hager allowed Defendant Kaiah Mooradian, a minor child, to invite adults to the Property late at night.

47. Defendant Kaiah Mooradian and Plaintiff drank alcoholic beverages together on the Property starting at around 9:30 or 10:00 p.m.

48. Defendant Gabby James drank alcoholic beverages with Plaintiff on the Property.

49. Defendant Kaiah Mooradian and Plaintiff were drinking vodka and tequila.

50. Defendant Kaiah Mooradian and Plaintiff smoked marijuana on the Property starting at around 9:30 or 10:00 p.m.

51. Defendant Gabby James knew that Plaintiff was using marijuana on the Property.

52. Defendant Kaiah Mooradian's friend and Earl Ong arrived at the Property at around 10:45 p.m.

53. Upon arrival, Earl Ong, Defendant Kaiah Mooradian, Defendant Kaiah Mooradian's friend and Plaintiff began to play drinking games at the Property.

54. The alcohol beverages consumed by Plaintiff were supplied by Defendant Gabby James.

55. The alcohol beverages consumed by Plaintiff were supplied by Defendant Kaiah Mooradian.

56. Plaintiff, a minor child at the time, consumed alcohol on the Property with the knowledge of Defendant Gabby James.

57. Plaintiff, a minor child at the time, consumed alcohol on the Property with the knowledge of Defendant Kaiah Mooradian.

58. Plaintiff, a minor child at the time, consumed alcohol on the Property with the knowledge of Defendant Kyle Stack.

59. Plaintiff, a minor child at the time, consumed alcohol on the Property with the knowledge of Defendant Leah Hager.

60. Plaintiff, a minor child at the time, became intoxicated due to having consumed alcohol on the Property.

61. Because of the intoxication, Plaintiff was sexually assaulted on the

Property.

62. Because of the intoxication, Plaintiff was sexually assaulted in the bathroom on the Property.

63. Because of the intoxication, Plaintiff was sexually assaulted in a bedroom on the Property.

64. Because of the intoxication, Plaintiff, who was 14 years old at the time was raped on the Property by 19-year-old Earl Ong when he had sex with her.

65. Because of the intoxication, Plaintiff was digitally penetrated on the Property by Earl Ong.

66. Because of the intoxication, Plaintiff was subjected to sexual contact on the Property.

67. As a result of the intoxication, Plaintiff was video recorded while she was subjected to sexual contact on the Property.

68. The video of Earl Ong having sexual contact with Plaintiff was circulated to a group of people.

69. The video of Plaintiff being subjected to sexual contact on the Property was taken without her permission and was able to be taken due to her intoxication.

70. The video shows Plaintiff, a minor child, while naked.

71. The video shows Plaintiff, a minor child, extremely intoxicated on the Property.

72. The video, among other things, shows Plaintiff's vagina being digitally penetrated by Earl Ong.

73. Defendant Gabby James was at the Property during the entire course of

6

these events stated above.

74. Defendant Kaiah Mooradian observed Plaintiff naked as a result of Plaintiff's intoxication.

## CLAIMS FOR RELIEF

### First Claim

### Social Host Liability – C.R.S. § 44-3-801 against Defendants Gabby James, Defendant Kaiah Mooradian, Defendant Kyle Stack and Leah Hager

75. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

76. Defendant Gabby James was a social host under C.R.S. § 44-3-801.

77. Defendant Kaiah Mooradian was a social host under C.R.S. § 44-3-801.

78. Defendant Kyle Stack was a social host under C.R.S. § 44-3-801.

79. Defendant Leah Hager was a social host under C.R.S. § 44-3-801.

80. Defendant Gaby James knowingly served alcoholic beverages to Plaintiff.

81. Defendant Kaiah Mooradian knowingly served alcoholic beverages to Plaintiff.

82. Defendant Leah Hager knew that alcoholic beverages were being served to minors on their Property, including Plaintiff.

83. Defendant Kyle Stark knew that alcoholic beverages were being served to minors on their Property, including Plaintiff

84. At all relevant times, Defendant Gabby James, Defendant Kaiah Mooradian, Defendant Kyle Stark and Defendant Leah Hager knew Plaintiff was a minor child, under the age of eighteen.Defendant Gabby James knowingly provided Plaintiff, under the age of twenty-one, a place to consume alcoholic beverages.

85. Defendant Kaiah Mooradian knowingly provided Plaintiff, under the age of twenty-one, a place to consume alcoholic beverages.
Defendant Kyle Stark knowingly provided Plaintiff, under the age of twenty-one, a place to consume alcoholic beverages.

86. Defendant Leah Hager, knowingly provided Plaintiff, under the age of twenty-one, a place to consume alcoholic beverages.

87. Defendants' collective conduct and each of their conduct individually was a cause of Plaintiff being sexually assaulted and Plaintiff being video recorded while being sexually assaulted and video recorded while naked.

88. Plaintiff suffered physical injuries, economic damages, emotional injuries, non-economic injuries, and physical impairment injuries, because of the intoxication due to the consumption of alcoholic beverages on the Property.

89. Because of the intoxication due to the consumption of alcoholic beverages on the Property, Plaintiff suffered repeat unlawful sexual contact including, but not limited to, being raped and digitally penetrated.

90. As a result of the conduct of Defendants' collective conduct and as a result of each of their conduct individually, Plaintiff has suffered past and future economic damages, past and future non-economic damages, past and future physical impairment damages, including PTSD which is a physical impairment of the brain. Plaintiff further claims all pre-judgment interest, pre-filing interest, post-judgment interest and costs of litigation as permitted by law, including all deposition costs, expert costs, filing fees.

## Second Claim

**Premises Liability – C.R.S. § 13-21-115 against Defendant Kyle Stack, Defendant Leah Hager and Defendant Gabby James**

91. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

92. Defendants Kyle Stack and Leah Hager, at all relevant times, were a "landowner" of the Property as defined in C.R.S. §13-21-115(1) and was legally responsible for the condition of real property or for the activities conducted or circumstances existing on the real property."

93. Defendant Gabby James, at all relevant times, was a "landowner" of the Property as defined in C.R.S. §13-21-115(1) as she was "an authorized agent or a person in possession of real property" and "was legally responsible for the for the activities conducted or circumstances existing on the real property."

94. Plaintiff, at all relevant times, was a licensee.

95. Defendants Kyle Stack and Defendant Leah Hager failed to use reasonable care with respect to a danger on the premises to which he and she created and he and she actually knew about before the Plaintiff incurred any injuries, damages, or losses.

96. Defendant Kyle Stack and Defendant Leah Hager failed to use reasonable care to warn of a danger to which he and she did not create but which he and she knew about and the danger was not ordinarily present on property of the type involved in this case.

97. Defendant Kyle Stack and Leah Hager knew that minor children on the Property, including Plaintiff, were becoming intoxicated due to consumption of marijuana.

98. Defendant Kyle Stack and Defendant Leah Hager knew that Earl Ong being on the Property at night, with minor children, was a danger on the Property.

99. Defendant Kyle Stack and Defendant Leah Hager knew that the minor child, Kaiah Mooradian, was inviting adults to the Property, late at night, while marijuana was being consumed on the Property, creating a danger on the Property.

100. Defendant Gabby James failed to use reasonable care with respect to a danger on the premises to which she created and she actually knew about before the Plaintiff incurred any injuries, damages, or losses.

101. Defendant Gabby James failed to use reasonable care to warn of a danger to which she did not create but which she knew about and the danger was not ordinarily present on property of the type involved in this case.

102. Defendant Gabby James knew that the minor child, Kaiah Mooradian, was inviting adults to the Property, late at night, while marijuana was being consumed on the Property, creating a danger on the Property.

103. Defendant Gabby James knew that Earl Ong was nineteen years old.

104. Defendant Gabby James knew that Earl Ong had a history of preying on young girls.

105. Defendant Gabby James knew that Earl Ong had killed someone.

106. Defendant Gabby James knew that Earl Ong being on the Property at night, with minor children, was a danger on the Property.

107. The failures of Defendant Kyle Stack, Defendant Leah Hager, and Defendant Gabby James were a cause of Plaintiff's injuries, damages, and losses.

108. As a result of the failures of Defendant Kyle Stack Defendant Leah Hager, and Defendant Gabby James, Plaintiff has suffered past and future economic damages, past and future non-economic damages, past and future physical impairment damages,

including PTSD which is a physical impairment of the brain. Plaintiff further claims all pre-judgment interest, pre-filing interest, post-judgment interest and costs of litigation as permitted by law, including all deposition costs, expert costs, filing fees.

**WHEREFORE**, Plaintiff Turner Wecks requests that this Court enter a Judgment in her favor against Defendants in an amount consistent with the proofs of trial, and seeks against Defendants all appropriate damages arising out of law, equity, and fact, including but not limited to:

a) Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to past and future economic damages, past and future non-economic damages, and past and future physical impairment damages, medical expenses, loss of earnings, mental anguish, anxiety, humiliation, and embarrassment, and other damages to be proved;

b) Reasonable attorney fees, pre-judgment interest, pre-filing interest, and post-judgment interest. and costs including expert fees and costs, deposition expenses, filing expenses.

Dated: August 3, 2020

**PARKER LIPMAN LLP**

/s/ Daniel A. Lipman
Daniel A. Lipman, #35046
Karen M. Hen #50885
3200 Cherry Creek S. Drive, Suite 520
Denver, Colorado 80209
Phone: (720) 638-9424
Fax:   (720) 638-9423
E-mail:dan@parkerlipman.com

*Attorneys for the Plaintiff*